OPINION
Defendant-appellant, Michael A. Gordon, appeals his conviction for possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(f) and possession of criminal tools in violation of R.C. 2923.24(A).
On May 5, 1999, appellant and a female companion were travelling eastbound on Interstate 70. State Highway Patrol Sergeant Mark Gooding observed the Chevy Tahoe appellant was driving cross the yellow line separating the inside lane from the berm. Gooding then observed the Tahoe change lanes into the right hand lane and immediately drive over the white edge line which separates the lane from the outside berm. The Tahoe returned to the right hand lane and then again crossed back over the white line. Gooding testified that often drivers who cross the marked lanes are sleepy or intoxicated.
After observing these three lane violations, Gooding stopped the Tahoe and asked appellant for his license and registration. Appellant produced an Illinois identification card in the name of Timothy Williams and a rental agreement for the Tahoe. The rental agreement was in the name of Lisa Benjamin with her husband, "Tim," listed as an authorized driver. Appellant stated that he was on his way to Dayton for a job interview.
Gooding put appellant in the back of his car so that he could check the status of appellant's license. Gooding also took a closer look at the rental contract and noticed that the contract stated that the Tahoe was due back on April 16, 1999. When questioned regarding the return date, appellant responded that the contract had been extended. While he was sitting in his patrol car, Gooding noticed that a sticker on the rear of the Tahoe identifying it as a rental vehicle had been obscured by a magnet.
Gooding asked appellant why he and his wife had different last names and why his last name was not listed on the contract if it was different from his wife's last name. When the answer didn't make sense, Gooding questioned the passenger about the driver. The passenger stated that she was the driver's aunt. She stated that the driver's name was "Tim" but that she did not know his last name. When questioned about their destination, she told Gooding that they were on their way to Cleveland for a birthday party.
Gooding called the patrol post to run a check on the name on appellant's identification card. He also inquired if a drug- sniffing dog was available to be dispatched to the scene. A license check revealed that Timothy Williams had a valid driver's license. Gooding then telephoned the rental car company to determine whether appellant was authorized to use the vehicle. The rental agency stated that the contract had been extended, but that the car was not to be taken outside of the state of Illinois. The rental agency also stated that if the last name of an authorized user was different from the last name of the renter, the person's full name should be stated on the contract.
While Gooding was still on the phone in his patrol car, the canine and handler arrived. The dog alerted to the left rear of the vehicle, indicating that there were illegal drugs in the car. The passenger was removed from the car and both appellant and the passenger were read their rights. The troopers searched the car and discovered three packages of what appeared to be illegal drugs concealed in the jack compartment of the left rear of the Tahoe. The substance tested positive for cocaine and weighed approximately 2.5 kilograms.
Gooding again advised appellant of his rights and that he was under arrest for possession of illegal drugs. Appellant responded by telling Gooding that his name was actually Michael Gordon. Appellant also agreed to help the DEA in a controlled delivery of the cocaine to its destination in Dayton, Ohio. After driving in the area where the drugs were to be delivered, appellant told DEA agents that he did not want to cooperate any further.
Appellant was indicted on one count of possession of cocaine under R.C. 2925.11(A)(C)(4)(f), a first-degree felony since the cocaine exceeded one thousand grams. Appellant was also indicted on one count of possessing criminal tools in violation of R.C. 2923.24(A), a fifth-degree felony. In addition, the indictment contained a specification that appellant was a major drug offender.
Appellant filed a motion to suppress any statements he made and any evidence found at the scene. The trial court overruled the motion to suppress. A jury trial was held on October 25 and 26, 1999. The jury found appellant guilty on both counts. He was sentenced to ten years for possession of cocaine and twelve months for possession of criminal tools, to be served concurrently. The court also found appellant to be a major drug offender. Appellant appeals his conviction and raises the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
Assignment of Error No. 2:
 APPELLANT'S CONVICTIONS FOR POSSESSION OF COCAINE AND POSSESSING CRIMINAL TOOLS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 In his first assignment of error, appellant contends that his Fourth Amendment rights were violated because Gooding did not have probable cause to stop his vehicle. In this case, Gooding testified that appellant was stopped for three marked lane violations. R.C. 4511.33 states in relevant part:
 (A) A vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver first ascertained that such movement can be made with safety.
In Dayton v. Erickson, the Ohio Supreme Court held that "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment of the United States Constitution * * *."Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus. Probable cause exists and the stop is constitutional even if the traffic violation is a minor one. Id. at 11-12.
Appellant argues that three minor crossings over the edge lines do not rise to the level of probable cause. We disagree. Gooding testified that appellant crossed over the berm line in the left hand lane, then changed lanes and crossed over the right berm lane two times. We have previously held that the failure to operate a vehicle within a marked lane provided a sufficient basis for a stop. State v. Cox (May 8, 2000), Warren App. No. CA99-08-089, unreported, at 4. Because probable cause existed that a traffic violation had occurred, the stop of appellant's vehicle did not violate the Fourth Amendment.
Appellant next argues that even if the initial stop was permissible, the continued detention went beyond what was necessary to effectuate the purpose of the stop. Appellant argues that once Gooding determined that appellant was not sleepy or intoxicated the detention should have ceased. Appellant also argues that the detention should have ceased once Gooding found that there were no warrants on the driver's license in the name of Timothy Williams.
If during the initial stop, the officer observes "reasonably articulable facts that give rise to a suspicion of criminal activity, the officer may then detain and implement a more in-depth investigation."State v. Robinette (1997), 80 Ohio St.3d 234, 241. Only where there are no articulable facts which give rise to a suspicion of illegal activity does continued detention constitute an illegal seizure. Id. at 240. The existence of reasonable suspicion must be considered in light of the totality of the circumstances. State v. Freeman (1980), 64 Ohio St.2d 291,295, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107. "A court reviewing the officer's actions must give due weight to his experience and training and view the evidence as it would be understood by those in law enforcement." State v. Andrews (1991), 57 Ohio St.3d 86, 88, citingUnited States v. Cortez (1981), 449 U.S. 411, 101 S.Ct. 690.
Although Gooding initially stopped appellant because of the marked lane violation, during the stop, other facts arose which justified the continuing detention. Appellant was unable to produce a valid driver's license and instead produced a state identification card. The rental car agreement listed only "Tim," spouse of Lisa Benjamin, as an authorized driver. While Gooding attempted to determine whether appellant had a valid driver's license and was entitled to be in possession of the car, additional facts arose requiring further investigation. The driver and the passenger gave conflicting stories regarding their destination. The passenger stated that she was appellant's aunt, but that she did not know his last name.
In addition, the rental car company confirmed that if a spouse's last name is different from the renting spouse's last name, the full name should appear on the contract. The rental car company further stated that the automobile was not authorized to be outside the state of Illinois. The fact that the rental car symbol on the back of the automobile had been hidden created further suspicion of illegal activity. We find the circumstances of this case were more than sufficient to create reasonably articulable facts giving rise to a suspicion of criminal activity to allow Gooding to detain appellant and implement a more in-depth investigation. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that his convictions for possession of cocaine and possession of criminal tools were against the manifest weight of the evidence. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the fact-finder's resolution of any conflicting testimony. State v.Thompkins (1997), 78 Ohio St.3d 380, 389. The standard for reversal of a verdict which is against the manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Thompkins at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
We find that appellant's convictions were not against the manifest weight of the evidence. Possession of cocaine pursuant to R.C.2925.11(A)(C)(4)(f) requires that the person possess an amount of cocaine exceeding one thousand grams. In a special verdict the jury found that the amount of cocaine possessed by appellant exceeded one thousand grams. R.C. 2923.24(A) provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article with the purpose to use it criminally." In a special verdict the jury found that appellant intended to use the Chevy Tahoe in the commission of the crime of possession of cocaine. As there was more than sufficient evidence on each of these violations, we can not say that the jury clearly lost its way in convicting appellant.
Appellant's arguments in this assignment of error focus on what appellant claims was contradictory testimony of the officers at the preliminary hearing, the motion to suppress and at trial. Even assuming the statements were contradictory, defense counsel did not question the officers regarding the alleged contradictory statements at trial. The jury was free to believe some, none or all of the testimony of the officers. The record supports the findings by the jury that appellant was guilty of the charges. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.